IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LYDIA M. GAINES,<br>　　　Plaintiff, | §<br>§<br>§ |
| v. | § Civil Action No. 3:17-CV-1867-L |
| | § |
| THE CITY OF DALLAS,<br>　　　Defendant. | §<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Order of Reference*, filed September 29, 2017 (doc. 16), before the Court for recommendation is *Defendant City of Dallas's Motion to Dismiss and Brief in Support*, filed September 28, 2017 (doc. 14). Based on the relevant filings and applicable law, the motion should be **GRANTED**, and the plaintiff's claims should be dismissed unless she timely files an amended complaint.

**I. BACKGROUND**

On July 14, 2017, Lydia M. Gaines (Plaintiff) filed suit against her employer, the City of Dallas (Defendant), asserting claims under the Age Discrimination in Employment Act of 1967 (ADEA) for "discrimination and harassment in the workplace based on age and the creation of a hostile workplace." (doc. 3 at 1-2.)[1] She contends that it discriminated against her by:

> 1. Failing to provide a safe workplace for plaintiff, free from harassment, verbal abuse, destruction of personal property and the threat of violence by other city employees, based on age[.]
>
> 2. Defaming Plaintiff's name and work ethics throughout the accounting and human resources departments. Defendant, through accounting management, defamed Plaintiff, in particular, by creating false accusations of mental illness and instability.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

> 3. Failing to address numerous grievances relating to disparate application of Defendant's policies and procedures related to provision of a safe workplace.
>
> 4. Den[ying] cross-training opportunities for the accountant three position, and denial of other accounting department opportunities where younger employees were deployed.
>
> 5. Consistently threatening Plaintiff regarding imminent termination for speaking out about the hostile environment and the abusive and threatening employees in the accounting department.
>
> 6. Evaluating Plaintiff'[s] high level work, in a biased manner, at the same level of performance as younger employees with documented errors of performance.

(*Id*. at 3.) She filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter on April 17, 2017. (*Id*. at 2.) She claims that Defendant's actions have caused her "stress, anxiety, medical bills, mental distress, humiliation, embarrassment and damage to [her] professional reputation," and she seeks $100,000.00 in compensatory and punitive damages. (*Id*. at 2-3.)

On September 28, 2017, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. (doc. 14.) With a timely-filed response and reply, this motion is ripe for consideration. (docs. 18; 19.)

## II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 14.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that

"*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

3

A.      **<u>Age Discrimination</u>**

Defendant asserts that Plaintiff "has failed to state a plausible disparate treatment discrimination claim" under the ADEA. (doc. 14 at 5-6.)[2]

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "A plaintiff may prove age discrimination through either direct or circumstantial evidence." *Joseph v. City of Dallas*, 277 F. App'x 436, 439 (5th Cir. 2008) (citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002)).

Where a plaintiff offers circumstantial evidence of discrimination, her age discrimination claim is subject to the familiar *McDonnell Douglas* burden-shifting framework applicable to claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII).[3] *See Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (while the Supreme Court has not definitively resolved whether the *McDonnell Douglas* framework applies to ADEA claims, "we are bound by our circuit precedent applying *McDonnell Douglas* to age discrimination cases."). Under the framework, a plaintiff must first establish a prima facie case of discrimination. *See Moss v. BMC Software Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (citing *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)).

To establish a prima facie case of discrimination, a plaintiff must show that (1) she was

---

[2] Defendant also asserts that to the extent Plaintiff is asserting a claim for disparate impact under the ADEA, she fails to state a claim for relief. (doc. 14 at 4-5.) Plaintiff clarifies in her response however, "that this entire action is about disparate treatment." (doc. 18 at 3.)

[3] This framework is named after *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

4

within the protected class; (2) she was qualified for the position; (3) she suffered an adverse employment decision; and (4) she was replaced by someone younger or treated less favorably than similarly situated younger employees. *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003). While a plaintiff need not plead a prima facie case of discrimination in the motion to dismiss context, *Flores v. Select Energy Servs., L.L.C.*, 486 F. App'x 429, 432 (5th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)), the prima facie elements are not entirely irrelevant, and "a plaintiff must set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of the plaintiff's age." *Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 741 (N.D. Tex. 2012). In other words, a plaintiff must prove, by a preponderance of the evidence, "that age was the 'but-for' cause of the challenged employer decision." *Flores*, 486 F. App'x at 432 (quoting *Moss*, 610 F.3d at 922)); *see also Oinonen v. TRX, Inc.*, No. 3:09-CV-1450-M, 2010 WL 396112, at *3 (N.D. Tex. Feb. 3, 2010) (same).

Defendant contends that Plaintiff's age discrimination claim fails because she has not pleaded an adverse employment action, shown that her age was the "but-for" cause of an adverse employment action, or explained "how she is similarly situated to the 'younger employees' referenced in her [c]omplaint." (doc. 14 at 5-6.)

Plaintiff alleges that Defendant failed to provide a safe workplace, defamed her, failed to address grievances, and threatened her for speaking out. (doc. 3 at 3.) "Adverse employment actions 'include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.'" *Ogden v. Brennan*, 657 F. App'x 232, 235 (5th Cir. 2016) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007)). The actions of which Plaintiff complains do not rise to the level of ultimate employment decisions that would constitute adverse

5

employment actions. *See id.*

Plaintiff also complains that she was evaluated in a biased manner compared to younger employees. (doc. 3 at 3.) A biased evaluation does not constitute an adverse employment action, however. *Turman v. Greenville Indep. Sch. Dist.*, No. 303CV1786B, 2005 WL 659017, at *4 (N.D. Tex. Mar. 18, 2005) (citing cases) ("a low evaluation is not an adverse employment action sufficient to state a claim under the ADEA").

Plaintiff lastly claims that she was denied cross-training opportunities and other accounting department opportunities. (doc. 3 at 3.) Although younger employees were allegedly deployed in the accounting department while she was denied opportunities, Plaintiff does not claim that any younger employees were selected over her for any position and "does not even allege that [s]he was qualified for the position." *Lacey v. City of Desoto Texas*, No. 3:04-CV-1277-M, 2005 WL 17656, at *3 (N.D. Tex. Jan. 3, 2005). Where a "[p]laintiff alleges no facts other than the fact that [s]he was" denied opportunities, her bare assertions, without more, are "not enough to allow [her] claims of age discrimination to proceed." *Id.* (citing *Swierkiewicz*, 534 U.S. at 514). Further, Plaintiff alleges no "loss in compensation, duties, or benefits," so the actions of which she complains do not constitute adverse employment actions. *Mitchell v. Snow*, 326 F. App'x 852, 855 (5th Cir. 2009) (quoting *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 283 (5th Cir. 2004)); *see also Alzuraqi v. Group 1 Auto., Inc.*, 921 F. Supp. 2d 648, 664 (N.D. Tex. 2013) (same) ("An employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action.").

Even viewing Plaintiff's allegations in the light most favorable to her, she has not alleged a plausible claim of age discrimination under the ADEA. *See Lacey*, 2005 WL 17656, at *3 (finding that the plaintiff did not sufficiently state a claim for age discrimination where he made only bare

6

claims of discrimination). Her age discrimination claim should be dismissed under Rule 12(b)(6) for failure to state a claim. *See Ivy v. Prime Theraputics*, No. 3:11-CV-0855-G (BK), 2011 WL 6182345, at *3 (N.D. Tex. Nov. 14, 2011), *adopted by*, 2011 WL 6202248 (N.D. Tex. Dec. 12, 2011) (dismissing disparate treatment age discrimination claim under Rule 12(b)(6)).

B.     **Hostile Work Environment**

Defendant asserts that Plaintiff "has failed to state a plausible claim for hostile work environment under the ADEA." (doc. 14 at 6-7.)

In the Fifth Circuit, a plaintiff may bring a hostile work environment claim based on age discrimination under the ADEA. *See Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011). "A plaintiff advances such a claim by establishing that (1) [s]he was over the age of 40; (2) the employee was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *Id*. (citing *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834–35 (6th Cir. 1996)).

"In order to satisfy the third element . . . a plaintiff must demonstrate that the harassment was objectively unreasonable." *Id*. "A workplace environment is hostile when it is 'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment.'" *Id*. (citing *Alaniz v. Zamora—Quezada*, 591 F.3d 761, 771 (5th Cir. 2009)). While verbal intimidation, ridicule, and insults may be sufficiently severe or pervasive to support a hostile work environment claim, simple teasing, off-hand comments, and isolated incidents, unless extremely serious, do not amount to discriminatory changes in the terms and conditions of employment. *See DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 593

(5th Cir. 1995); *see also Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 328 (5th Cir. 2004).

The complained-of conduct must also be objectively and subjectively offensive, i.e. "not only must a plaintiff perceive the environment to be hostile, but it must appear hostile or abusive to a reasonable person." *Dediol*, 655 F.3d at 441 (citing *EEOC v. WC & M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007)). To determine whether conduct is objectively offensive, a court should consider the totality of the circumstances, "including: '(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance.'" *Id*.

Defendant argues that Plaintiff has not stated a plausible hostile work environment claim because her complaint contains no "factual statements indicating that the nature of the alleged harassment was such that it created an objectively intimidating, hostile, or offensive work environment," and Plaintiff also "fails to tie the allegedly hostile work environment to her age." (doc. 14 at 6-7.)

Plaintiff's complaint alleges that Defendant failed to provide a safe workplace, "free from harassment, verbal abuse, destruction of personal property[,] and the threat of violence by other city employees, based on age." (doc. 3 at 3.) She also claims that Defendant failed to address numerous grievances regarding a safe workplace. (*Id*.) In her response, she appears to assert that Defendant's "objectively unreasonable" actions include "constant intimidation, ridicule[,] and insult," as well as threats of physical harm. (doc. 18 at 3.) She does not identify any facts to support an inference that the nature of the alleged harassment "created an objectively intimidating, hostile, or offensive work environment . . . ." *Dediol*, 655 F.3d at 441 (citing *Crawford*, 96 F.3d at 834–35. Her vague and conclusory allegations are insufficient to allege a plausible hostile work environment claim

8

under the ADEA. In addition, she pleads no facts to suggest that the allegedly hostile work environment was based on her age, as opposed to her complaints about a safe workplace. Accordingly, this claim should be dismissed for failure to state a claim. *See Anderson v. General Motors, LLC*, No. 4:17-CV-672-A, 2017 WL 5891804, at *5–6 (N.D. Tex. Nov. 28, 2017) (dismissing hostile work environment claim for failure to plead sufficient facts to state a claim under Rule 12(b)(6)).

C.  **Retaliation**

Defendant asserts that to the extent Plaintiff is asserting a retaliation claim under the ADEA, she "has failed to state a plausible claim . . . ." (doc. 14 at 7-8.)

The ADEA makes it unlawful for employers to retaliate against an individual because she has opposed any practice made an unlawful employment practice by the relevant statutes, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the relevant statute. *See* 29 U.S.C. § 623(d). Retaliation claims under the ADEA are also analyzed under the *McDonnell Douglas* framework. *See Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 267 (5th Cir. 1994). Under the framework, a plaintiff must first establish a prima facie case of retaliation by showing that: (1) she engaged in activity protected by the ADEA; (2) an adverse employment action occurred; and (3) there was a causal connection between the protected activity and the adverse action. *See id*. "An employee engages in a protected activity where she opposes an activity she reasonably believes constitutes unlawful discrimination." *Skaggs v. Van Alstyne Indep. Sch. Dist.*, No. 16-CV-0227-CAN, 2017 WL 77825, at *16 (E.D. Tex. Jan. 9, 2017) (citing *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010)). In opposing an activity, an employees "'protected opposition must at least alert an employer to the

employee's reasonable belief that unlawful discrimination is at issue.'" *Id*.

Here, Plaintiff asserts that Defendant "consistently threaten[ed] [her] regarding imminent termination for speaking out about the hostile environment and the abusive and threatening employees in the accounting department." (doc. 3 at 3.) Even liberally construing this allegation as a retaliation claim under the ADEA, Plaintiff's does not identify who she spoke out to or how this alleged action alerted Defendant to her reasonable belief that unlawful discrimination was at issue. *See Skaggs*, 2017 WL 77825, at *16. Additionally, her "vague allegations do not suggest that Plaintiff was opposing an activity [s]he reasonably believed constituted unlawful discrimination." *Williams v. City of Richardson*, No. 3:16-CV-2944-L-BK, 2017 WL 4404461, at *8 (N.D. Tex. Sept. 8, 2017), *adopted by*, 2017 WL 4351535 (N.D. Tex. Sept. 30, 2017) (citing cases). Her allegations therefore fail to establish that she engaged in a protected activity. *See id*.

Even assuming that Plaintiff did engage in an activity protected by the ADEA, she fails to allege facts showing that an adverse employment action occurred; as noted, threatening would not constitute such an action. *See Ogden*, 657 F. App'x at 235 (quoting *McCoy*, 492 F.3d at 559) ("Adverse employment actions 'include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.'"). Accordingly, to the extent Plaintiff is asserting a retaliation claim under the ADEA, she fails to establish a prima facie case, and this claim should be dismissed for failure to state a claim. *See Williams*, 2017 WL 4404461, at *8 (dismissing ADEA retaliation claim under Rule 12(b)(6)).

**D.    Defamation**

Defendant also asserts that to the extent Plaintiff is asserting a claim for defamation, her complaint fails to "state a plausible cause of action" because "defamation is a state law tort claim

10

that is barred by [Defendant]'s governmental immunity" under the Texas Tort Claims Act (TTCA). (doc. 14 at 8-9.)

The TTCA "provides a limited waiver of sovereign and governmental immunity for certain tort claims, 'allowing suits to be brought against governmental units only in certain, narrowly defined circumstances.'" *Dorward v. Ramirez*, No. 3:09-CV-0018-D, 2009 WL 2777880, at *13 (N.D. Tex. Aug. 28, 2009) (citing *Tex. Dep't of Crim. J. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)). A city "is a governmental unit under Texas law . . . ." *Myart v. City of San Antonio, Texas*, No. SA-06-CA-0256 FB (NN), 2007 WL 26805, at *4 (W.D. Tex. Jan. 3, 2007). "The TTCA's waiver of immunity constitutes the 'only . . . avenue for common-law recovery against the government' on a tort theory." *Id*. (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)). Furthermore, TTCA's limited waiver of sovereign immunity expressly does not apply to claims "arising out of assault, battery, false imprisonment, or *any other intentional tort*." Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (emphasis added).

Plaintiff asserts that Defendant defamed her "name and work ethics throughout the accounting and human resources departments. . . . [and] created false accusations of mental illness and instability." (doc. 3 at 3.) Even liberally construing these allegations as asserting a defamation claim, defamation is an intentional tort under Texas law. *See Williams v. City of Irving, Texas*, No. 3:15-CV-1701-L-BH, 2017 WL 3822115, at *9 (N.D. Tex. July 14, 2017), *adopted by*, 2017 WL 3726980 (N.D. Tex. Aug. 30, 2017). The TTCA's limited waiver of sovereign immunity does not apply to intentional torts, however. *Swiat v. City of Fort Worth*, No. 4:10-CV-354-A, 2011 WL 2559637, at *5 (N.D. Tex. June 28, 2011) (considering the scope of § 101.057(2)). Accordingly, to the extent Plaintiff is attempting to assert a state law claim for defamation, Defendant is immune

to such a claim under the TTCA. Any claim for defamation should therefore be dismissed on this ground.[4] *See Williams*, 2017 WL 3822115, at *9 (granting motion to dismiss on the basis of immunity).[5]

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he

---

[4] In its reply, Defendant asserts that any disparate impact, retaliation, or defamation claim should be dismissed with prejudice because Plaintiff abandoned those claims by failing to address Defendant's arguments regarding those claims in her response to its motion to dismiss. (doc. 19 at 2-3.) Plaintiff did not fail to respond, however, because she reasserted her claims in her response. (*See* doc. 18.)

[5] Because all of Plaintiff's claims are subject to dismissal for failure to state a claim, it is unnecessary to reach Defendant's remaining argument that she cannot recover compensatory or punitive damages. (*See* doc. 14 at 9-10.)

is due." *Sims*, 2001 WL 627600, at *2-*3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Here, Plaintiff has not amended her complaint, and it does not appear that she has alleged her best case. She should therefore be accorded an opportunity to amend her complaint to sufficiently state a claim upon which relief can be granted.

## IV. RECOMMENDATION

If Plaintiff does not file an amended complaint within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, Defendant's motion to dismiss should be **GRANTED**, and all of Plaintiff's claims should be **DISMISSED with prejudice** for failure to state a claim. If Plaintiff timely files an amended complaint, however, the motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED** on this 13th day of April, 2018.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE