**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LYDIA M. GAINES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17-CV-1867-L** |
| | § | |
| **THE CITY OF DALLAS,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Order of Reference*, filed June 19, 2018 (doc. 28), before the Court for recommendation is *Defendant City of Dallas's Motion to Dismiss Plaintiff's Amended Federal Complaint and Brief in Support*, filed June 14, 2018 (doc. 27). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

Lydia M. Gaines (Plaintiff) sues her employer, the City of Dallas (Defendant), under the Age Discrimination in Employment Act of 1967 (ADEA) for "discrimination and harassment in the workplace based on age and the creation of a hostile workplace." (doc. 26 at 1.)[1] She contends that Defendant has discriminated against her and disparately applied its policies and procedures by:

1. Failing to provide a safe workplace for plaintiff, free from harassment, verbal abuse, destruction of personal property and the threat of violence by other city employees, based on age[.]

2. Defaming Plaintiff's name and work ethics throughout the accounting and human resources departments. Defendant, through accounting management, defamed Plaintiff, in particular, by creating false accusations of mental illness and instability.

3. Failing to address numerous grievances relating to disparate application of Defendant's policies and procedures related to provision of a safe workplace.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

4. Den[ying] cross-training opportunities for the accountant three position, and denial of other accounting department opportunities where younger employees were deployed.

5. Consistently threatening Plaintiff regarding imminent termination for speaking out about the hostile environment and the abusive and threatening employees in the accounting department.

6. Evaluating Plaintiff[s] high level work, in a biased manner, at the same level of performance as younger employees with documented errors of performance.

(*Id*. at 2.)

Plaintiff, a senior office assistant, alleges that although she was trained to replace an employee who was retiring, that position was ultimately "given to a younger female" employee. (*Id*. at 2-3.) She volunteered to worked on Saturdays for over a year in order to "close out" systems but did not get paid and only had her time adjusted. (*Id*.) When she requested a day off, her supervisor "slammed his fist on the desk" and told her that she was paid to be at work. (*Id*.) She then informed management that she was no longer available on Saturdays, and a younger employee then began working on Saturdays and was paid. (*Id*.) Her supervisor eventually asked her to begin working on Saturdays again and told her that she would be paid, but "they [then] stopped close out on Sat[urday] when prior to [that] it was mandatory." (*Id*.) On one occasion, a younger employee allegedly attempted to attack Plaintiff in front of her supervisor during a meeting, but management did nothing. (*Id*.) Plaintiff "was told by the supervisor that [she] had better worry about what they were going to do to [her] even though he told [her] that [she] handled the situation professionally." (*Id*.) After management failed to take action, the younger employee who attacked her would go to Plaintiff's desk and make statements such as, "I like to fight, . . . she better get her old [expletive] somewhere and sit down!" (*Id*. at 4.) Management subsequently met with them to "smoothe [sic] it over." (*Id*.)

2

Plaintiff claims that Defendant has trained employees on violence and harassment in the workplace, and that there are policies under which employees "will face disciplinary action for arguing over the work." (*Id.*) She filed grievances based on the policies because there were "many situations" involving arguments over work, but her grievances were denied. (*Id.*) She filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter on April 17, 2017. (*Id.* at 1.) On July 14, 2017, Plaintiff filed her *pro se* complaint in this case, alleging age discrimination, harassment, and hostile work environment under the ADEA and seeking $100,000.00 in compensatory and punitive damages. (*See* doc. 3.)[2] She claims that Defendant's actions have caused her "stress, anxiety, medical bills, mental distress, humiliation, embarrassment and damage to [her] professional reputation." (*Id.*)

On September 28, 2017, Defendant moved to dismiss this action. (doc. 14.) On April 13, 2018, it was recommended that the motion be granted, and that Plaintiff's claims be dismissed for failure to state a claim upon which relief could be granted, but that she be given the opportunity to amend. (*See* doc. 20.) On May 31, 2018, Plaintiff filed her amended complaint. (doc. 26.) She appears to assert the same claims as in her original complaint, and she seeks the same damages. (*Id.* at 1-5.) On June 14, 2018, Defendant moved to dismiss the amended complaint for failure to state a claim. (doc. 27.) Plaintiff did not respond, and the motion is now ripe for recommendation.

## II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 27.)

---

[2] Defendant also construed Plaintiff's allegations as asserting separate claims for retaliation and defamation. (*See* doc. 14 at 8-9.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where

4

a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

## A. Age Discrimination

Defendant asserts that Plaintiff "has failed to state a plausible age discrimination claim under the ADEA." (doc. 27 at 8-12.)

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "A plaintiff may prove age discrimination through either direct or circumstantial evidence." *Joseph v. City of Dallas*, 277 F. App'x 436, 439 (5th Cir. 2008) (citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002)).

Where a plaintiff offers circumstantial evidence of discrimination, her age discrimination claim is subject to the familiar *McDonnell Douglas* burden-shifting framework applicable to claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII).[3] *See Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (while the Supreme Court has not definitively resolved whether the *McDonnell Douglas* framework applies to ADEA claims, "we are bound by our circuit precedent applying *McDonnell Douglas* to age discrimination cases."). Under the framework, a plaintiff must first establish a *prima facie* case of discrimination. *See Moss*

---

[3] This framework is named after *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

5

*v. BMC Software Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (citing *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)).  While a plaintiff need not plead a *prima facie* case of discrimination in the motion to dismiss context, *Flores v. Select Energy Servs., L.L.C.*, 486 F. App'x 429, 432 (5th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)), the *prima facie* elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim.  *Puente v. Ridge*, 324 F. App'x 423, 428 (5th Cir. 2009).

The ADEA "authorizes two types of discrimination claims: disparate treatment and disparate impact."  *Powell v. Dallas Morning News L.P.*, 776 F. Supp. 2d 240, 257 (N.D. Tex. 2011) (citations omitted); *see Ryerson v. Berryhill*, No. 3:15-CV-3509-S-BK, 2018 WL 4103433, at *2 (N.D. Tex. Aug. 2, 2018) (citing cases), *adopted by*, 2018 WL 4101842 (N.D. Tex. Aug. 28, 2018) (identifying the two theories under the ADEA).  "Disparate treatment refers to deliberate discrimination in the terms or conditions of employment," while "[d]isparate impact claims do not require the intent to discriminate."  *Powell*, 776 F. Supp. 2d at 257.

### 1.    Disparate Treatment

Defendant moves to dismiss Plaintiff's claims for disparate treatment.  (doc. 27 at 10-12.) It argues that Plaintiff has not pleaded an adverse employment action, alleged how she "was qualified for any desired position," or explained "how she is similarly situated to the 'younger employees' referenced in her [a]mended [c]omplaint."  (*Id.*)

To establish a *prima facie* case of discrimination based upon disparate treatment, a plaintiff must show that (1) she was within the protected class; (2) she was qualified for the position; (3) she suffered an adverse employment decision; and (4) she was replaced by someone younger or treated less favorably than similarly situated younger employees.  *Smith v. City of Jackson, Miss.*, 351 F.3d

183, 196 (5th Cir. 2003). At this stage of the proceedings, "a plaintiff must set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of the plaintiff's age." *Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 741 (N.D. Tex. 2012). In other words, a plaintiff must allege facts showing "that age was the 'but-for' cause of the challenged employer decision." *See Flores*, 486 F. App'x at 432 (quoting *Moss*, 610 F.3d at 922)); *see also Oinonen v. TRX, Inc.*, No. 3:09-CV-1450-M, 2010 WL 396112, at *3 (N.D. Tex. Feb. 3, 2010) (same).

Here, Plaintiff alleges that Defendant failed to provide a safe workplace, defamed her, failed to address grievances, and threatened her for speaking out. (doc. 26 at 2-3.) She also claims that she was evaluated in a biased manner as compared to younger employees, and that her supervisor told her that she was paid to work when she requested one day off. (*Id*.) "Adverse employment actions 'include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.'" *Ogden v. Brennan*, 657 F. App'x 232, 235 (5th Cir. 2016) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007)). The actions of which Plaintiff complains do not rise to the level of ultimate employment decisions that would constitute adverse employment actions. *See id.*; *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 855 (S.D. Tex. 2010) (finding that negative performance reviews do not qualify as adverse employment actions); *Turman v. Greenville Indep. Sch. Dist.*, No. 303CV1786B, 2005 WL 659017, at *4 (N.D. Tex. Mar. 18, 2005) (citing cases) ("a low evaluation is not an adverse employment action sufficient to state a claim under the ADEA"). Although adverse employment actions include decisions such as granting leave, Plaintiff does not actually allege that her request for one day off was denied, and even if it was, "a single denial of leave . . . does not constitute an adverse employment action." *Ogden*, 657

F. App'x at 235 (citing *McElroy v. PHM Corp.*, 622 F. App'x 388, 390–91 (5th Cir. 2015)).

Plaintiff also claims that she was trained to replace a retiring employee, but that position was ultimately "given to a younger female," and that she was denied cross-training opportunities and other accounting department opportunities. (*Id.* at 2-3.) She does not identify the position for which she was trained, however, or "allege facts that would permit the court to reasonably infer that the . . . position was anything other than a lateral transfer, and . . . it [therefore] cannot be considered an adverse employment action . . . ." *Williams v. City of Richardson*, No. 3:16-CV-2944-L-BK, 2017 WL 4404461, at *5 (N.D. Tex. Sept. 8, 2017), *adopted by*, 2017 WL 4351535 (N.D. Tex. Sept. 30, 2017). Regarding her claim that younger employees were allegedly deployed in the accounting department while she was denied opportunities, Plaintiff does not claim that any younger employees were selected over her for any position in the accounting department. *See Smith*, 351 F.3d at 196 (a plaintiff must show that she was treated less favorably than similarly situated younger employees). Additionally, she does not "even allege that [s]he was qualified for [any] position" she complains she did not receive. *Lacey v. City of Desoto Texas*, No. 3:04-CV-1277-M, 2005 WL 17656, at *3 (N.D. Tex. Jan. 3, 2005). Where a "[p]laintiff alleges no facts other than the fact that [s]he was" denied opportunities, her bare assertions, without more, are "not enough to allow [her] claims of age discrimination to proceed." *Id.* (citing *Swierkiewicz*, 534 U.S. at 514). Plaintiff also alleges no "loss in compensation, duties, or benefits" as a result of being denied those opportunities, so the actions of which she complains do not constitute adverse employment actions. *Mitchell v. Snow*, 326 F. App'x 852, 855 (5th Cir. 2009) (quoting *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 283 (5th Cir. 2004)); *see also Alzuraqi v. Group 1 Auto., Inc.*, 921 F. Supp. 2d 648, 664 (N.D. Tex. 2013) (same) ("An employment action that 'does not affect job duties, compensation, or benefits' is not

an adverse employment action.").

Lastly, Plaintiff claims that she worked on Saturdays for over a year without pay, only adjusted time, and after she informed management that she could no longer work Saturdays, a younger employee began working Saturdays and was paid. (doc. 26 at 3.) "Although decisions that affect pay often do qualify as adverse employment actions," *Badii v. Rick's Cabaret Intern., Inc.*, No. 3:12-CV-4541-B, 2014 WL 550593, at *8 (N.D. Tex. Feb. 11, 2014), and Plaintiff appears to allege that a younger employee was treated more favorably, she alleges no facts to show that the younger employee was similarly situated to her. *See Smith*, 351 F.3d at 196. Even assuming that the younger employee was similarly situated to her, Plaintiff fails to "set forth allegations that would enable the court to reasonably infer that the employer took . . . [any] action because of [her] age." *Woldetadik*, 881 F. Supp. 2d at 741; *see also Flores*, 486 F. App'x at 432 (stating that age must be the but-for cause of the employer's decision); *Oinonen*, 2010 WL 396112, at *3 (same). Accordingly, even viewing Plaintiff's allegations in the light most favorable to her, she fails to allege a plausible claim of age discrimination under the ADEA based upon disparate treatment, and her claims should be dismissed. *Garcia v. Garland Indep. Sch. Dist.*, No. 3:11-CV-0502-N-BK, 2011 WL 7473474, at *5 (N.D. Tex. Sept. 26, 2011) (determining that the plaintiff failed to plead a disparate treatment claim for discrimination); *see also Lacey*, 2005 WL 17656, at *3 (finding that bare claims of discrimination were insufficient to state a claim for relief).

### 2.    Disparate Impact

Defendants also move to dismiss any claim for discrimination based upon disparate impact. (doc. 27 at 9.)

To establish a *prima facie* case of age discrimination based upon disparate impact, a plaintiff

9

must identify a specific facially neutral employment policy or practice, and establish causation by presenting "statistical evidence of a kind and degree sufficient" to show that the practice caused an adverse employment action that disparately affected workers forty years of age or older. *Powell*, 776 F. Supp. 2d at 257–58 (citing *Collins–Pearcy v. Mediterranean Shipping Co. (USA), Inc.*, 698 F. Supp. 2d 730, 741–42 (S.D. Tex. 2010)). As noted, although a plaintiff need not plead a *prima facie* case at this stage of the proceedings, she must still allege facts to show "(1) a facially neutral policy; (2) that, in fact, has a disproportionately adverse effect on a protected class" in order to state a disparate impact claim. *Finch v. Tex. Health and Human Servs. Comm'n*, No. H-13-3716, 2015 WL 5674834, at *2 (S.D. Tex. Sept. 25, 2015) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006)). A plaintiff "cannot merely allege a disparate impact, or point to a generalized policy that leads to such an impact." *Powell*, 776 F. Supp. 2d at 257 (citing *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 100 (2008)). Rather, the plaintiff is "responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities." *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 656 (quoting *Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 994 (1988)). "[P]roof of discriminatory motive is not required for disparate-impact claims." *Pacheco*, 448 F.3d at 791.

Here, Plaintiff alleges that Defendant subjected her to "disparate application of [it's] policies and procedures" and failed to address her grievances relating to their disparate application. (doc. 26 at 2.) She claims that "policy and procedure say [employees] will face disciplinary action for arguing over work," and appears to allege that she filed grievances due to such situations but they were denied. (*Id*. at 4.) She does not identify any specific policy or practice, however, or allege any facts to establish that any policy or practice had a "disproportionately adverse effect on a protected

10

class." *Finch*, 2015 WL 5674834, at *2 (quoting *Pacheco*, 448 F.3d at 791). Her general and conclusory allegations are insufficient to state a claim for discrimination based on disparate impact. *See Twombly*, 550 U.S. at 570; *see also Powell*, 776 F. Supp. 2d at 257 (citing *Meacham*, 554 U.S. at 100) (stating that a plaintiff must identify a specific policy). Accordingly, her ADEA claims based upon disparate impact should also be dismissed for failure to state a claim. *See Bannister v. Dal-Tile Intern., Inc.*, No. 3:02-CV-2498, 2003 WL 21145739, at *3 (N.D. Tex. May 14, 2003) (finding that the plaintiff failed to state a claim for disparate impact discrimination); *see also Lacey*, 2005 WL 17656, at *3.

In summary, even viewing Plaintiff's allegations in the light most favorable to her, she has not alleged a plausible claim of age discrimination under the ADEA. *See Lacey*, 2005 WL 17656, at *3 (finding that the plaintiff did not sufficiently state a claim for age discrimination); *see also Garcia*, 2011 WL 7473474, at *5; *Bannister*, 2003 WL 21145739, at *3. Her age discrimination claims should therefore be dismissed under Rule 12(b)(6) for failure to state a claim. *See Ivy v. Prime Theraputics*, No. 3:11-CV-0855-G (BK), 2011 WL 6182345, at *3 (N.D. Tex. Nov. 14, 2011), *adopted by*, 2011 WL 6202248 (N.D. Tex. Dec. 12, 2011) (dismissing claims for age discrimination under Rule 12(b)(6)).

**B.    Hostile Work Environment**

Defendant asserts that Plaintiff "has failed to state a plausible claim for hostile work environment under the ADEA." (doc. 27 at 12-14.)

In the Fifth Circuit, a plaintiff may bring a hostile work environment claim based on age discrimination under the ADEA. *See Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011). "A plaintiff advances such a claim by establishing that (1) [s]he was over the age of 40; (2)

11

the employee was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *Id*. (citing *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834–35 (6th Cir. 1996)).

"In order to satisfy the third element . . . a plaintiff must demonstrate that the harassment was objectively unreasonable." *Id*. "A workplace environment is hostile when it is 'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment.'" *Id*. (citing *Alaniz v. Zamora—Quezada*, 591 F.3d 761, 771 (5th Cir. 2009)). While verbal intimidation, ridicule, and insults may be sufficiently severe or pervasive to support a hostile work environment claim, simple teasing, off-hand comments, and isolated incidents, unless extremely serious, do not amount to discriminatory changes in the terms and conditions of employment. *See DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 593 (5th Cir. 1995); *see also Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 328 (5th Cir. 2004).

The complained-of conduct must also be objectively and subjectively offensive, i.e. "not only must a plaintiff perceive the environment to be hostile, but it must appear hostile or abusive to a reasonable person." *Dediol*, 655 F.3d at 441 (citing *EEOC v. WC & M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007)). To determine whether conduct is objectively offensive, a court should consider the totality of the circumstances, "including: '(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance.'" *Id*.

Plaintiff's complaint alleges that Defendant failed to provide a safe workplace, "free from harassment, verbal abuse, destruction of personal property[,] and the threat of violence by other city

12

employees, based on age," and failed to address numerous grievances regarding a safe workplace. (doc. 26 at 2.)  She also alleges that on one occasion, a younger employee attempted to attack her in front of her supervisor during a meeting but management did nothing, so the younger employee would go to Plaintiff's desk and make statements such as "I like to fight, . . . she better get her old [expletive] somewhere and sit down!"  (*Id*. at 3-4.)  Isolated incidents generally do not constitute discriminatory changes in conditions of employment, however, and she does not identify any facts to support an inference that the nature of the alleged harassment "created an objectively intimidating, hostile, or offensive work environment."  *See Dediol*, 655 F.3d at 441 (citing *Crawford*, 96 F.3d at 834–35); *DeAngelis*, 51 F.3d at 593.  Also, she pleads no facts to suggest that the allegedly hostile work environment was based on her age, as opposed to her complaints about a safe workplace.  Accordingly, this claim should be dismissed for failure to state a claim.  *See Anderson v. General Motors, LLC*, No. 4:17-CV-672-A, 2017 WL 5891804, at *5–6 (N.D. Tex. Nov. 28, 2017) (dismissing hostile work environment claim for failure to plead sufficient facts to state a claim under Rule 12(b)(6)).

## C.   <u>Retaliation</u>

Defendant asserts that to the extent Plaintiff is asserting a retaliation claim under the ADEA, she "has failed to state a plausible claim . . . ."  (doc. 27 at 14-16.)

The ADEA makes it unlawful for employers to retaliate against an individual because she has opposed any practice made an unlawful employment practice by the relevant statutes, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the relevant statute.  *See* 29 U.S.C. § 623(d).  Retaliation claims under the ADEA are also analyzed under the *McDonnell Douglas* framework.  *See Hackett v. United*

13

*Parcel Serv.*, 736 F. App'x 444, 451–52 (5th Cir. 2018); *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 267 (5th Cir. 1994).  Under the framework, a plaintiff must first establish a *prima facie* case of retaliation by showing that: (1) she engaged in activity protected by the ADEA; (2) an adverse employment action occurred; and (3) there was a causal connection between the protected activity and the adverse action.  *See Gonzales v. Wells Fargo Bank, Nat'l Ass'n*, 733 F. App'x 795, 798 (5th Cir. 2018); *Grizzle*, 14 F.3d at 267.  "An employee engages in a protected activity where she opposes an activity she reasonably believes constitutes unlawful discrimination." *Skaggs v. Van Alstyne Indep. Sch. Dist.*, No. 16-CV-0227-CAN, 2017 WL 77825, at *16 (E.D. Tex. Jan. 9, 2017) (citing *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010)); *see Gonzales*, 733 F. App'x at 798 (citing *Heggemeier v. Caldwell Cty.*, 826 F.3d 861, 869 (5th Cir. 2016) (per curiam)).  In opposing an activity, an employees "'protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue.'" *Skaggs*, 2017 WL 77825, at *16.

Here, Plaintiff asserts that Defendant "consistently threaten[ed] [her with] imminent termination for speaking out about the hostile environment and the abusive and threatening employees in the accounting department." (doc. 26 at 2.)  She made this same assertion in her original complaint, and her amended complaint does not add any new allegations to support a claim of retaliation under the ADEA.  (*See* docs. 3 a 3; 26 at 2-4.)  Even liberally construing her allegations as asserting a retaliation claim under the ADEA, Plaintiff does not identify to whom she spoke out or how she alerted Defendant to a reasonable belief that unlawful discrimination was at issue. *See Skaggs*, 2017 WL 77825, at *16.  Additionally, her "vague allegations do not suggest that Plaintiff was opposing an activity [s]he reasonably believed constituted unlawful discrimination."

14

*Williams*, 2017 WL 4404461, at *8 (citing cases). Her allegations therefore fail to establish that she

engaged in a protected activity. *See id.* To the extent Plaintiff is asserting a retaliation claim under

the ADEA, she fails to establish a *prima facie* case, and this claim should be dismissed for failure

to state a claim. *See Williams*, 2017 WL 4404461, at *8 (dismissing ADEA retaliation claim under

Rule 12(b)(6)).

**D.    Defamation**

Defendant also claims that to the extent Plaintiff is asserting a claim for defamation, her

claims are barred because "[d]efamation is a state law tort claim barred by [Defendant]'s

governmental immunity" under the Texas Tort Claims Act (TTCA). (doc. 27 at 16-17.)

The TTCA "provides a limited waiver of sovereign and governmental immunity for certain

tort claims, 'allowing suits to be brought against governmental units only in certain, narrowly

defined circumstances.'" *Dorward v. Ramirez*, No. 3:09-CV-0018-D, 2009 WL 2777880, at *13

(N.D. Tex. Aug. 28, 2009) (citing *Tex. Dep't of Crim. J. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)).

A city "is a governmental unit under Texas law . . . ." *Myart v. City of San Antonio, Texas*, No. SA-

06-CA-0256 FB (NN), 2007 WL 26805, at *4 (W.D. Tex. Jan. 3, 2007). "The TTCA's waiver of

immunity constitutes the 'only . . . avenue for common-law recovery against the government' on a

tort theory." *Id.* (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex.

2008)). Furthermore, TTCA's limited waiver of sovereign immunity expressly does not apply to

claims "arising out of assault, battery, false imprisonment, or *any other intentional tort*." Tex. Civ.

Prac. & Rem. Code Ann. § 101.057(2) (emphasis added).

Plaintiff asserts that Defendant defamed her "name and work ethics throughout the

accounting and human resources departments. . . . [and] created false accusations of mental illness

and instability." (doc. 26 at 2.) She previously made the same assertions in her original complaint, and does not add any new allegations. (*See* docs. 3 at 3; 26 at 2-4.) Even liberally construing her allegations as asserting a defamation claim, defamation is an intentional tort under Texas law. *See Williams v. City of Irving, Texas*, No. 3:15-CV-1701-L-BH, 2017 WL 3822115, at *9 (N.D. Tex. July 14, 2017), *adopted by*, 2017 WL 3726980 (N.D. Tex. Aug. 30, 2017). The TTCA's limited waiver of sovereign immunity does not apply to intentional torts, however. *Swiat v. City of Fort Worth*, No. 4:10-CV-354-A, 2011 WL 2559637, at *5 (N.D. Tex. June 28, 2011) (considering the scope of § 101.057(2)). Accordingly, to the extent Plaintiff is attempting to assert a state law claim for defamation, Defendant is immune to such a claim under the TTCA. Any claim for defamation should therefore be dismissed on this ground. *See Williams*, 2017 WL 3822115, at *9 (granting motion to dismiss on the basis of immunity).[4]

### III.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an

---

[4] Because all of Plaintiff's claims are subject to dismissal for failure to state a claim, it is unnecessary to reach Defendant's remaining argument that she cannot recover compensatory or punitive damages. (*See* doc. 27 at 17.)

opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600, at *2-*3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Here, Plaintiff was provided an opportunity to amend her complaint, she amended her complaint, and she failed to respond to the motion to dismiss her amended complaint. She has been unable to overcome the deficiencies in her pleadings, even after they were specifically pointed out in the prior recommendation. It therefore appears that she has alleged her best case, and no further opportunity to amend her complaint is warranted.

## IV. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and Plaintiff's claims should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**SO RECOMMENDED** on this 28th day of December, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

17

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

18